GOMEZ, HELIO, Associate Judge.
City of Hialeah, defendant below, appeals the final judgment awarding Calderon monies for personal injuries on the grounds that it was error for the trial court to deny Hialeah’s motion to set off.
Calderon was involved in two auto accidents in which he sustained injuries, the first on October 9, 1979 with a City of Hialeah police car and another on October 20, 1979 with a vehicle owned by M. Franz and insured by Colonial Penn. Calderon filed a complaint against all defendants consisting of the two separate causes of action and sought damages for the injuries sustained in both accidents. Defendants Franz and Penn filed a motion to sever the claim against them, which motion was granted. Calderon filed a motion for rehearing alleging that the suits should not be severed based upon the report of his physician, Dr. Brass. Upon rehearing, the trial court vacated the order of severance and ordered that the two causes of action should remain joined for the purpose of discovery with the court retaining jurisdiction to determine severance after discovery. Prior to trial, Calderon settled with Franz and Penn for $3,000. Defendant Hialeah amended the answer and asserted the defense of set-off pursuant to § 768.041, Florida Statutes, (1979). The cause went to trial and the jury verdict in favor of Calderon was $13,000, but the jury found Calderon 30% negligent. The court entered judgment for $9,100 and denied Hialeah’s motion for set-off. Hialeah appeals.
Here we have two causes of action which áre totally unrelated except that both caused injury to Calderon. The case went to trial on the first cause of action. The jury was given the standard instruction on damages; it was not instructed to apportion damages. The question now is whether or not the jury, by its verdict, and the trial judge, by his denial of the motion for set-off, could find that Calderon’s permanent injury was solely as a result of the first accident. The testimony of both Dr. Brass and Dr. Tictin support the verdict and the judge’s finding.
Accordingly the judgment is affirmed.